Robert G. Main, Jr., Esq. Town Attorney, Bombay
I am writing in response to your request for an Attorney General's opinion concerning custody of motor vehicles seized on Indian reservations under section 511-b of the Vehicle and Traffic Law.
Section 511-b was enacted as part of a 1985 legislative package which toughened the penalties for operating a motor vehicle without a valid driver's license (L 1985, ch 756). Other sections in the package include a revision of Vehicle and Traffic Law, § 511, which now sets forth the varying degrees of the offense of "aggravated unlicensed operation of a motor vehicle"; and the addition of Vehicle and Traffic Law, §511-a which creates the offense of "facilitating aggravated unlicensed operation of a motor vehicle". Section 511-b provides for the seizure and impoundment of the motor vehicles that are being operated without a valid license.
More specifically, section 511-b requires a police officer making an arrest for aggravated unlicensed operation of a motor vehicle in the first or second degree to "remove or arrange for the removal of the vehicle to a garage, automobile pound, or other place of safety where it shall remain, impounded, subject to the provisions of this section . . ." (Vehicle and Traffic Law, § 511-b[1]). The statute provides that once the motor vehicle is impounded, it "shall be in the custody of the local authority" (id., § 511-b[2]). Subject to certain exceptions for seizures occurring on State property, "local authority" refers to the municipality in which the vehicle was seized (id., § 511-b[6]).
As stated in your letter, the Town of Bombay is adjacent to the St. Regis Indian Reservation in Franklin County. The reservation is not, however, part of the Town of Bombay. You have asked whether the town is obligated to store vehicles seized upon the reservation and to administer the other provisions of section 511-b with respect to such vehicles.
Indian reservations in New York State are considered to be separate and apart from the surrounding communities, and New York State itself (see, e.g., Indian Law, §§ 7, 8). Section 511-b does not specifically address the seizure and storage of motor vehicles on Indian reservation property. Upon seizure, the motor vehicle enters the custody of the "local authority", a term whose definition does not include Indian reservations:
 "For the purposes of this section, the term `local authority' means the municipality [*] in which the motor vehicle was seized; except that if the motor vehicle was seized on property of the New York state thruway authority or property under the jurisdiction of the office of parks, recreation and historic preservation, the department of transportation, or a public authority or commission, the term `local authority' means such authority, office, department, or commission. The commissioner may, by regulation, provide that a county may act as the agent for a local authority under this section."**
The statute provides that a municipality assume custody for those vehicles seized within its borders. Motor vehicles seized on an adjacent municipality or Indian reservation, which are separate and autonomous entities, do not meet this requirement.*** Nor can we reasonably interpret the specific, limited language of section 511-b so as to require a municipality to assume responsibility for motor vehicles seized on an adjacent municipality or Indian reservation. If such a result was intended, the statute's language would provide accordingly.
We conclude that a town is not responsible for storage and transportation costs associated with motor vehicles seized on a neighboring municipality or Indian reservation under section 511-b of the Vehicle and Traffic Law.
* Although municipalities are defined as including Indian reservations for certain purposes (Executive Law, § 412[3]; General Municipal Law, § 854[3]), in the absence of such a special inclusion, "municipality", as the term is used here, would not include Indian reservations.
** Inquiries to the Department of Motor Vehicles indicate that the commissioner has not promulgated any regulations in this regard.
*** Please note that our comments are limited only to the disposition of the motor vehicle after seizure. We offer no opinion on the general authority of law enforcement officers to seize motor vehicles on Indian reservations.